FOURTH DEPARTMENT, DECEMBER, 1987

(December 18, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GERALD DIBBLE, C. THOMAS WRIGHT and DESMOND MURRAY, Respondents.—Order unanimously reversed on the law, motions denied, and indictment reinstated. Memorandum: The order dismissing the indictment on the ground that the evidence before the Grand Jury was insufficient to support the charge of grand larceny in the second degree must be reversed. County Court found that there was insufficient proof to establish the crime of larceny by false promise (Penal Law § 155.05 [2] [d]) but failed to address the sufficiency of the evidence to establish the crime of larceny by false pretenses.

The crime of larceny by false pretenses, one of four forms of larceny found at common law, is defined in Penal Law § 155.05 (2) (a). Such a larceny occurs where the defendant obtains title or possession of money or personal property from the victim by means of a false representation concerning a material matter of fact upon which the victim relied in parting with the property or delivering possession *(see, People v Drake,* 61 NY2d 359, 362; *People v Churchill,* 47 NY2d 151; *People v Miller,* 169 NY 339, 351). The false representation "must relate to a past or present fact, not a statement of future intention" *(People v Churchill, supra,* at 156).

Here, the evidence before the Grand Jury was legally sufficient to establish that defendants wrongfully obtained the property of another by false pretenses. The proof demonstrates that defendants falsely represented the validity of a worthless letter of credit which they provided to NEC Home Electronics (NEC) in order to induce NEC to deliver a shipment of computer hardware and that the shipment was made by NEC in reliance upon the validity of said letter of credit. (Appeal from order of Monroe County Court, Maloy, J.—dismiss indictment.) Present—Dillon, P. J., Doerr, Green, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENE GONZALEZ, Appellant.—Judgment unanimously affirmed *(see, People v Cruz,* 134 AD2d 886). (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—burglary, second degree, and other offenses.) Present—Dillon, P. J., Doerr, Green, Balio and Davis, JJ.