◼ GERALD W. DIBBLE, Respondent-Appellant, v WROC TV CHANNEL 8 et al., Appellants-Respondents.—Order unanimously modified on the law and as modified affirmed with costs to plaintiff, in accordance with the following memorandum: Plaintiff, an attorney, was indicted by a Monroe County Grand Jury and charged under former section 155.35 of the Penal Law with one count of grand larceny in the second degree. Specifically, the indictment charged that plaintiff "stole property belonging to NEC Home Electronics", the value of which exceeded $1,500. In a news broadcast over defendant television station on March 4, 1985, it was stated that plaintiff had been "indicted on charges of fraud, embezzlement and securities violations" and was "accused of misuse of clients' escrow accounts and stock fraud." Plaintiff instituted an action in defamation and defendants interposed the defenses of truth and fair reporting (Civil Rights Law § 74). Plaintiff moved for partial summary judgment striking those defenses. Special Term properly granted the motion. Plaintiff sustained his burden of proving the falsity of the publication and defendants have failed to raise a triable issue of fact on the defenses of truth and fair reporting (see, Zuckerman v City of New York, 49 NY2d 557).

The underlying transaction which led to plaintiff's indictment involved his procurement of a letter of credit from a Barbados bank. The letter of credit was used by a corporation

to obtain NEC computer equipment. The corporation was unable to meet its obligation to NEC, and NEC subsequently determined that the letter of credit was worthless. On review by this court, we found that the evidence before the Grand Jury was sufficient to support one count of larceny by false pretenses (Penal Law § 155.05 [2] [a]; *People v Dibble,* 135 AD2d 1075). The Grand Jury heard no evidence of securities violations, embezzlement, stock fraud or misappropriation of client funds.

"Substantial truth" is all that is necessary to defeat a charge of defamation *(see, Klein v Prial,* 32 AD2d 925, *affd* 28 NY2d 506), but "[a] plea of truth as justification must be as broad as the alleged libel and must establish the truth of the precise charge therein made" *(Crane v New York World Tel. Corp.,* 308 NY 470, 475). The publication must be considered in its entirety when evaluating the defamatory effect of the words *(see James v Gannett Co.,* 40 NY2d 415, 419, *rearg denied* 40 NY2d 990).

It cannot be said on this record that the news story is "substantially true" for purposes of defendants' absolute defense. While the worthless letter of credit may properly be characterized as fraudulent, no justification is found for defendants' published statement that plaintiff was indicted for embezzlement and securities violations, and that plaintiff was accused of misuse of clients' escrow accounts and stock fraud.

Although the absolute defense of truth is unavailable to defendants, plaintiff's recovery may be reduced by proof of facts tending, but failing to prove the truth of the defamatory broadcast *(Crane v New York World Tel. Corp., supra,* at 476-477). Defendants are granted leave to amend their answer to plead truth as a partial defense in mitigation of damages.

We further find that defendants have failed to raise an issue of fact requiring a trial on the defense asserted under Civil Rights Law § 74. That statute insulates a person, firm or corporation from actions in defamation "for the publication of a fair and true report of any judicial proceeding". As with the defense of truth, the language of the report should be given a fair reading and the court should not strain to place a particular interpretation on the published words. " 'A workable test is whether the libel as published would have a different effect on the mind of the reader from that which the pleaded truth would have produced' " *(George v Time, Inc.,* 259 App Div 324, 328, *affd* 287 NY 742, quoting *Fleckenstein v Friedman,* 266 NY 19, 23).

Here, for reasons previously noted, the published news story was not a substantially accurate report of the charges or accusations made against plaintiff *(see, Holy Spirit Assn. v New York Times Co.,* 49 NY2d 63, 67). Defendants did not act "as the agent of the public, reporting only that which others could hear for themselves were they to attend the proceedings" *(Hogan v Herald Co.,* 84 AD2d 470, 477-478, *affd* 58 NY2d 630).

Finally, there is not merit to defendants' claim that summary judgment should have been denied because they have not completed discovery and may uncover facts which would support their defenses. It does not appear from the affidavits submitted in opposition to the motion "that facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212 [f]). (Appeals from order of Supreme Court, Monroe County, Tillman, J.—partial summary judgment.) Present—Dillon, P. J., Doerr, Green, Bailo and Lawton, JJ.