■ James R. Haefner et al., Appellants, v New York Media, LLC, et al., Respondents, et al., Defendants. [918 NYS2d 103]—

The claims against Primedia were properly dismissed as time-barred. The asserted republications within the one-year limitations period all took place after Primedia had sold its rights with regard to the articles in question to NYM. Primedia had no

ability to participate or acquiesce in the decision to republish the material (*see Rinaldi v Viking Penguin*, 52 NY2d 422, 435 [1981]).

With regard to NYM and Jacobson, we exercise our discretion to disregard the inaccuracies in the notice of appeal and deem it valid (*see* CPLR 5520 [c]). Nevertheless, dismissal of the complaint as against them was appropriate. The complained of statements' vague reference to a "NYPD/DEA strike force" failed to provide sufficient identifiers to make it "of and concerning" plaintiffs so as to avail them of the small-group libel doctrine (*see Brady v Ottaway Newspapers*, 84 AD2d 226, 232 [1981] [internal quotation marks omitted]). Furthermore, the continuous access to a Web article via links on NYM's Web site was not a republication (*see Firth v State of New York*, 98 NY2d 365, 371-372 [2002]), and the link by IFC.com was not alleged to have been effected with defendants' acquiescence or participation. The paperback edition of a book was published more than one year before the action was filed.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Andrias, J.P., Catterson, Moskowitz, Abdus-Salaam and Román, JJ.