[995 NE2d 168, 972 NYS2d 206]

CHRISTOPHER J. ALF, Appellant, v THE BUFFALO NEWS, INC., Respondent.

Decided June 27, 2013

**APPEARANCES OF COUNSEL**

*Carter Ledyard & Milburn LLP*, New York City (*John J. Walsh* and *Michael K. Plumb* of counsel), and *Harris Beach PLLC*, Buffalo (*Richard T. Sullivan* of counsel), for appellant.

*Hiscock & Barclay, LLP*, Buffalo (*Joseph M. Finnerty* and *Karim A. Abdulla* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

This defamation case arose from a series of articles and editorials published by The Buffalo News (News) in 2007 and 2008 concerning a federal investigation, related lawsuits and a guilty plea in federal court by National Air Cargo (NAC), an air freight forwarder, to settle allegations that it had overcharged the federal government on military freight contracts in the continental United States. The newspaper reported that NAC and its owner and chairman, plaintiff Christopher Alf, had admitted that NAC "cheated" the government over a period of several years in the amount of millions of dollars, that NAC would pay almost $28 million in fines and restitution, and that no executives would face jail time. Plaintiff sued for defamation, arguing that the News's reporting was false and misleading because it reported prolonged wrongdoing as opposed to a single admitted false statement and because the average reader would think that plaintiff had personally engaged in wrongful conduct. Supreme Court granted summary judgment to the newspaper, holding that the News was entitled to the defense of absolute privilege under Civil Rights Law § 74, which provides that "[a] civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding." The Appellate Division affirmed, with two Justices dissenting (100 AD3d 1487 [4th Dept 2012]). We now affirm as well.

When examining a claim of libel, we do not view statements in isolation. Instead, "[t]he publication must be considered in its entirety when evaluating the defamatory effect of the words" (*Dibble v WROC TV Channel 8*, 142 AD2d 966, 967 [1988], citing *James v Gannett Co.*, 40 NY2d 415, 419 [1976], *rearg denied* 40 NY2d 990 [1976]). As both Supreme Court and the Appellate Division held, viewing the articles as a whole, the average reader would conclude that the company, and not plaintiff, pleaded guilty to wrongdoing and that the amount of restitution covered more than the single, admitted incident. As we have said, "newspaper accounts of legislative or other official proceedings must be accorded some degree of liberality. When determining whether an article constitutes a 'fair and true' report, the language used therein should not be dissected and analyzed with a lexicographer's precision" (*Holy Spirit Assn. for Unification of World Christianity v New York Times Co.*, 49 NY2d 63, 68 [1979]). Here, the News provided substantially accurate reporting of the plea agreement and the fines and restitution, as discussed in open court. Thus, all the challenged statements concerning NAC and plaintiff relating to these proceedings are entitled to immunity under Civil Rights Law § 74.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, RIVERA and ABDUS-SALAAM concur; Judge PIGOTT taking no part.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed, with costs, in a memorandum.