# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

510

CA 13-01817

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

FREDERICK DIMOND, ROBERT DIMOND AND MOST
HOLY FAMILY MONASTERY, PLAINTIFFS-APPELLANTS,

V                                              MEMORANDUM AND ORDER

TIME WARNER, INC., TURNER BROADCASTING
SYSTEM, INC., CNN AMERICA, INC., JANE
VELEZ-MITCHELL, INDIVIDUALLY AND AS
EMPLOYEE/AGENT OF CNN AMERICA, INC.,
DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANT.

---

DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP, BUFFALO (CHARLES C. RITTER,
JR., OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

DAVIS WRIGHT TREMAINE LLP, NEW YORK CITY (ELIZABETH A. MCNAMARA OF
COUNSEL), COLUCCI & GALLAHER, P.C., BUFFALO, FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Allegany County
(Thomas P. Brown, A.J.), entered December 20, 2012. The order granted
the motion of defendants-respondents for summary judgment and
dismissed the complaint against them.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this libel action seeking
damages for three statements that were made by defendant Jane Velez-
Mitchell during a broadcast aired by defendant CNN America, Inc.
(CNN). During the broadcast, Velez-Mitchell interviewed a transgender
woman who had received a letter from an employee of the California
Department of Motor Vehicles (DMV), stating, inter alia, his objection
to gender changes on the basis of his religious beliefs. The woman
had also received a package from plaintiff Most Holy Family Monastery
(MHFM) containing a pamphlet discussing scriptural references
concerning homosexuality and a DVD entitled "Death and the Journey
into Hell." Supreme Court granted the motion of defendants-
respondents (defendants) for summary judgment dismissing the complaint
against them on the ground that none of the three alleged defamatory
statements was "of and concerning" plaintiffs. We affirm, although
our reasoning differs from that of the court's with respect to the
first alleged defamatory statement.

The first alleged defamatory statement is the following remark by Velez-Mitchell:  "Sounds like – it's very threatening.  And it gets worse.  That same day a DVD arrived from a fundamentalist church warning that homosexuals must be put to death.  Here is a clip from the DVD, entitled 'Death and the Journey to Hell.' "  Plaintiffs alleged that they were defamed by the false assertion that they advocated that homosexuals should be put to death.  The broadcast contained the partial pseudonym of one of the plaintiffs and the title of the video, and thus there was sufficient information to identify plaintiffs (*cf. Haefner v New York Media, LLC*, 82 AD3d 481, 482).  We therefore agree with plaintiffs that defendants failed to establish as a matter of law that the first statement was not " 'of and concerning' " plaintiffs (*Bee Publs., Inc. v Cheektowaga Times, Inc.*, 107 AD2d 382, 385).

We nevertheless conclude with respect to the first statement that defendants are entitled to the absolute privilege set forth in Civil Rights Law § 74 (*see Alf v The Buffalo News*, 100 AD3d 1487, 1488, *affd* 21 NY3d 988; *Saleh v New York Post*, 78 AD3d 1149, 1151-1152, *lv denied* 16 NY3d 714).  The first statement was made in the context of the interview conducted by Velez-Mitchell, which concerned, inter alia, pending judicial proceedings commenced by the woman in California after her personal information had allegedly been misused by the DMV employee.  During the interview, the woman and her attorney explained that the woman had obtained a temporary restraining order against the DMV employee based upon that employee's misuse of her personal information, and that she had thereafter received the package from MHFM.  The broadcast of the interview was twice promoted as a transgender woman "suing," and a caption beneath the woman's image stated, inter alia, "Transgender Woman Suing DMV."  Velez-Mitchell questioned a former prosecutor regarding the viability of an anticipated lawsuit against the DMV, and the woman's attorney stated that "[t]he Human Rights Commission filed a complaint" concerning the incident and the "big picture is about privacy and the legal right to have [one's] privacy protected."

"When examining a claim of libel, we do not view statements in isolation.  Instead, '[t]he publication must be considered in its entirety when evaluating the defamatory effect of the words' " (*Alf*, 21 NY3d at 990).  Here, "[r]ealistically considered," the first statement provided background facts for the woman's claims in pending and anticipated judicial proceedings, and the broadcast as a whole was a " 'substantially accurate' " report of the judicial proceedings (*Ford v Levinson*, 90 AD2d 464, 465; *see Alf*, 21 NY3d at 990).  Consequently, the first statement is entitled to the absolute privilege set forth in Civil Rights Law § 74.

Entered:  July 3, 2014                              Frances E. Cafarell
                                                   Clerk of the Court