■ HUGHES TRAINING, INC., LINK DIVISION, Respondent, v PEGASUS REAL-TIME, INC., et al., Appellants. [680 NYS2d 721] —Yesawich Jr., J. Appeals (1) from that part of an order of the Supreme Court (Rose, J.), entered June 12, 1997 in Broome County, which granted plaintiff's motion for summary judgment dismissing defendants' counterclaim, (2) from an order of said court, entered October 16, 1997 in Broome County, which, *inter alia*, granted plaintiff's motion to strike portions of defendants' amended answer, and (3) from an order of said court, entered January 21, 1998 in Broome County, which, *inter alia*, granted plaintiff's motion for summary judgment dismissing defendants' counterclaim.

In 1993, defendants Kirk D. Mosso and Joseph M. Paciaroni left their positions as systems engineers at CAE Link Corporation (hereinafter Link), where they had been involved in the production of military aircraft simulators, and accepted employment with defendant Pegasus Real-Time, Inc., a smaller company that does subcontract work in the same field. Link subsequently commenced this action against Pegasus, Mosso, Paciaroni (hereinafter collectively referred to as defendants), defendant Rodney W. Beechey (another former Link employee who had accepted a job at Pegasus) and defendant Shafik Tabeek, Pegasus' founder, charging, *inter alia*, misappropriation of Link's proprietary information and trade secrets, unfair competition and tortious interference with contractual relations.\* Defendants answered, interposing several counterclaims including one sounding in defamation, and some discovery was conducted.

Then, in 1997, plaintiff—which had been substituted for Link as plaintiff herein, after its parent corporation, Hughes Aircraft Company, acquired Link's assets—made the first of several motions seeking dismissal of the counterclaims. After affording

---

\* The action having been settled and discontinued against Beechey, and the claims against Tabeek having been severed due to his pending bankruptcy, those parties are not before the court on this appeal.

defendants an opportunity to conduct some additional discovery and to serve an amended answer, Supreme Court ultimately dismissed all of their counterclaims and denied their request for permission to interpose affirmative defenses not originally pleaded. Defendants appeal from each of Supreme Court's three orders.

Supreme Court not inappropriately rejected defendants' continuing argument that further discovery should be allowed before the legal and factual basis of the counterclaims is assessed. Defendants' submissions do not (as they contend) establish that "facts essential to justify opposition may exist but cannot [now] be stated" (CPLR 3212 [f]; cf., Kennerly v Campbell Chain Co., 133 AD2d 669, 670); nor have they proffered a convincing excuse for not having undertaken the desired discovery sooner (see, Forshay v Star Dairy, 187 AD2d 838, 839, lv dismissed 81 NY2d 818). Given the nature of defendants' counterclaims and the record as a whole, there is no basis for concluding that a further delay would enable them to uncover any additional probative evidence bearing on the relevant issues (see, Harris v Alcan Aluminum Corp., 91 AD2d 830, 831, affd 58 NY2d 1036).

Defendants' defamation counterclaim was also properly dismissed, for the conduct underlying it—the posting of a memorandum outlining the present litigation on Link's bulletin boards—comes within the reach of Civil Rights Law § 74, which cloaks those publishing fair and true reports of judicial proceedings with immunity from civil liability. As aptly noted by Supreme Court, the memorandum accurately reflects the substance of the lawsuit and does not suggest more egregious conduct than that recounted in the complaint, nor does it present defendants' purported wrongdoing as established fact rather than allegation (see generally, Holy Spirit Assn. v New York Times Co., 49 NY2d 63, 67-68; Divet v Reinisch, 169 AD2d 416, 417; Branca v Mayesh, 101 AD2d 872, 874, affd 63 NY2d 994). And aside from bald speculation, defendants have tendered no proof that the action was commenced solely as a shield against liability for the dissemination of defamatory accusations (see, Williams v Williams, 23 NY2d 592, 599).

Defendants should, however, have been granted permission to amend their answer to add the first eight proposed affirmative defenses. Given the record as a whole, these defenses cannot be said to be wholly lacking in merit. Furthermore, plaintiff has not demonstrated that it will suffer significant prejudice as a result of their interposition, inasmuch as they involve factual and legal matters that defendants have raised and explored in

discovery, in their motion papers and in correspondence throughout the pendency of this action (*see, Ward v City of Schenectady*, 204 AD2d 779, 781; *Norwood v City of New York*, 203 AD2d 147, 149, *lv dismissed* 84 NY2d 849).

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the orders entered June 12, 1997 and January 21, 1998 are affirmed, without costs. Ordered that the order entered October 16, 1997 is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion for permission to amend their answer to interpose the first eight affirmative defenses set forth in the proposed amended answer; motion granted to that extent; and, as so modified, affirmed.