■ AMBER A. SLOANE et al., Appellants, v JOHN W. REPSHER et al., Respondents. [693 NYS2d 327] —Spain, J. Appeal from an order of the Supreme Court (Lynch, J.), entered September 8, 1998 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint.

In March 1992, plaintiff Amber A. Sloane (hereinafter plaintiff) was treated by defendant David A. Boyland, a physical therapist at the Athletic Training Room, a physical therapy practice owned by defendant John W. Repsher. Plaintiff sought treatment from defendants in connection with her recovery following numerous surgical procedures for problems with her left arm and shoulder. As part of plaintiff's treatment, Boyland had her use a Cybex Upper Body Ergometer Machine (hereinafter the machine), a piece of equipment whereby the user sits on the seat of the device and cranks or rotates pedals with his or her hands. Boyland testified that he instructed plaintiff on how to use the machine so that plaintiff would not place pressure on her left arm and shoulder, set the timer for five minutes, and then walked away. When Boyland checked on plaintiff, she complained of discomfort in her left shoulder; he then terminated her therapy session.

Thereafter, in April 1994, plaintiff and her husband, derivatively, brought this action against defendants claiming, inter alia, that defendants committed negligence and "physical therapy malpractice" in their treatment of her. By order dated April 15, 1997, Supreme Court directed, inter alia, that plaintiffs' counsel serve "an Amended Complaint and Bill of Particulars withdrawing any and all claims for medical malpractice" by April 18, 1997, that an inspection of the machine be made by April 25, 1997 and that all discovery be completed by August 1997. In December 1997, citing, inter alia, plaintiffs' failure to follow the court's April 1997 order, defendants moved for summary judgment dismissing the complaint.

In opposition to defendants' motion, plaintiffs submitted only an affidavit of counsel—with exhibits—arguing that defendants' motion was premature and should be denied because it was

premised upon plaintiffs' action being sounded in medical malpractice when, in fact, plaintiffs' action is one of pure negligence. Plaintiffs also claimed that, should Supreme Court determine that it is a medical malpractice action, the motion should be denied as premature because the court had not previously determined that the action was a medical malpractice action and plaintiffs should therefore be permitted time to complete discovery and develop the case with their physician.

Supreme Court determined that, with respect to whether the action was one for medical malpractice, it would not revisit the issue[1] because plaintiffs' counsel had failed to follow the court's April 1997 order which included a direction to withdraw "any and all claims for medical malpractice", and plaintiffs never moved to reargue or renew the motion which resulted in that order. The court then granted defendants' motion and dismissed the complaint finding that, in the context of a negligence action—rather than a medical malpractice action—defendants met their initial burden of showing that they were entitled to summary judgment, and that plaintiffs failed in opposition to submit evidence in admissible form raising an issue of fact. The court further determined that plaintiffs' prematurity claim was without merit because it remained incumbent upon plaintiffs to put forth proof in opposition to the motion creating an issue of fact regarding defendants' alleged negligence. Plaintiffs appeal, and we affirm.

Under CPLR 3212 (f), summary judgment should be denied as premature where the opposing party has not yet had adequate opportunity to conduct discovery (see, Busby v Ticonderoga Cent. School Dist., 222 AD2d 882). However, where, as here, there has been a delay in discovery, the opposing party seeking discovery must proffer "a convincing excuse for not having undertaken the desired discovery sooner" (Hughes Training v Pegasus Real-Time, 255 AD2d 729, 730). A summary judgment motion is not defeatable on the ground that more discovery is needed, where, as here, "the side advancing such an argument has failed to ascertain the facts due to its own inaction" (Meath v Mishrick, 68 NY2d 992, 994).

Here, by its April 1997 order, Supreme Court specifically directed that plaintiffs conduct an inspection of the machine by April 25, 1997. Although the record indicates that defendants attempted to schedule inspections on at least two occasions,

---

1. Supreme Court expressly declined to determine whether "physical therapy malpractice" should be considered "medical malpractice" under common-law definitions (see, Bleiler v Bodnar, 65 NY2d 65; see also, Karasek v La Joie, 92 NY2d 171).

plaintiffs never conducted the inspection, and the record is devoid of any explanation for this failure. Further, other than one letter dated July 1997, it does not appear that plaintiffs thereafter actively endeavored to reschedule the inspection. Finally, defendants did not move for summary judgment until almost eight months after the inspection was originally to have taken place. In our view, Supreme Court correctly concluded that defendants' motion for summary judgment was not premature.

We also reject plaintiffs' contention that defendants failed to make a prima facie showing of entitlement to summary judgment. As an initial matter, plaintiffs only opposed defendants' motion in Supreme Court on the ground that it was premature as based upon a medical malpractice action, and thus failed to preserve for our review the issue of whether defendants made a prima facie showing. Notably, in their appellate brief, contrary to their papers in opposition to the motion, plaintiffs' solely argue prematurity on the ground that they were unable to conduct discovery of the equipment, and they do not now argue that the motion was premature on the ground that defendants' motion was based on an action for medical malpractice.

In any event, defendants have made a prima facie showing of entitlement to summary judgment.[2] In support of their motion, defendants submitted, *inter alia*, the affidavit of Boyland, plaintiff's medical records, and transcripts from the depositions of plaintiff and Boyland. In his affidavit, Boyland described in detail how he treated plaintiff and stated that he showed plaintiff how to use the machine in accordance with its directions and that he followed the accepted standard of care for physical therapy (*see, Kelly v St. Peter's Hospice*, 160 AD2d 1123, 1124). In support of defendants' assertion that use of the machine was proper therapy for plaintiff's type of injury, they submitted a copy of the machine's literature attesting to that fact. Regardless of whether this is a negligence or medical malpractice case, it is clear that defendants tendered "sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). Plaintiffs' submission of counsel's affidavit failed to show that a triable issue of fact existed requiring denial of defendants' motion (*see, Zuckerman v City of New York*, 49 NY2d 557).

---

2. In their appellate brief, defendants contend that this is a case of medical malpractice and "therefore subject to the standard of proof in a medical malpractice case". Defendants, however, did not cross-appeal from Supreme Court's determination that this case is one sounded in negligence, and thus, the standard of proof is of a negligence action.

Peters, J. P., Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.