■ LINDA D. MISEK-FALKOFF et al., Appellants, v AMERICAN LAWYER MEDIA, INC., et al., Respondents. [752 NYS2d 647] —Order, Supreme Court, New York County (Edward Lehner, J.), entered September 28, 2001, which, inter alia, granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously affirmed, with costs.

In this action, plaintiffs, who are married, bring claims for defamation, invasion of privacy, interference with prospective economic advantage, false light publicity, intentional and negligent infliction of emotional distress, and loss of consortium, based on an article written by defendants James J. McDonald, Jr. and Charles A. Conine. The McDonald/Conine article contains one paragraph describing plaintiffs' action entitled *Misek-Falkoff v International Bus. Machs. Corp.* (854 F Supp 215, *affd* 60 F3d 811, *cert denied* 516 US 991 [the IBM action]).

In another federal action brought by plaintiffs based on an article written by McDonald alone (*Misek-Falkoff v McDonald*, 177 F Supp 2d 224), plaintiffs alleged the same types of claims alleged here, namely, defamation, invasion of privacy, false light publicity, interference with prospective economic advantage, intentional and negligent infliction of emotional distress, and loss of consortium. The paragraph about the IBM action in the McDonald article is, in sum and substance, the same as the paragraph about the IBM action in the McDonald/Conine article.

The *McDonald* court granted defendants' motion to dismiss,

stating that the McDonald article's discussion of the IBM action was "not so removed from the facts as to lose its First Amendment protection as a fair report of a public judicial proceeding" (177 F Supp 2d at 231). The *McDonald* court dismissed the remaining causes of action, stating: "All of these separate claims merge in the defamation and do not give rise to any relief from this Court based on separate legal theories" (*id.* at 232).

Because plaintiffs had a full and fair opportunity to litigate the *McDonald* case and because the issues in the *McDonald* case are the same as the ones here, collateral estoppel applies (*see generally Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455; *Ryan v New York Tel. Co.*, 62 NY2d 494, 500), and the complaint was properly dismissed.

The fact that plaintiffs have appealed the District Court's decision in *McDonald* does not preclude our reliance upon the doctrine of collateral estoppel (*see e.g. Matter of Capoccia*, 272 AD2d 838, 847). In any event, we also conclude, independently, that dismissal of the complaint is mandated pursuant to Civil Rights Law § 74, which forbids the maintenance of a civil action "against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding * * *."

Plaintiffs contend that the McDonald/Conine article was not a fair and true report of the IBM action. However, "[f]or a report to be characterized as 'fair and true' * * *, it is enough that the substance of the article be substantially accurate" (*Holy Spirit Assn. for Unification of World Christianity v New York Times Co.*, 49 NY2d 63, 67). The only inaccuracy in the article's description was that it stated that plaintiff Misek-Falkoff "filed a lawsuit alleging that she was discriminated against because of her mental disability"; in fact, the IBM action says Misek-Falkoff sued for discrimination based on a "neurological disorder" (854 F Supp at 226). This inaccuracy is not serious enough to remove defendants' reportage from the protection of Civil Rights Law § 74 (*see e.g. Gurda v Orange County Publs. Div. of Ottaway Newspapers*, 56 NY2d 705).

Since Civil Rights Law § 74 bars all of plaintiffs' claims, it is unnecessary to address the parties' other arguments regarding each individual cause of action. Concur—Williams, P.J., Mazzarelli, Buckley, Friedman and Marlow, JJ.