Linda D. MISEK–FALKOFF and Adin Falkoff, Plaintiffs–Appellants,

v.

James J. MCDONALD, Jr., Employee Relations Law Journal Editorial Board, Employee Relations Law Journal, Fisher and Phillips, L.L.P., and Aspen Publishers, Inc., Defendants–Appellees.

Docket No. 02–7091.

United States Court of Appeals, Second Circuit.

April 24, 2003.

Stephen Bergstein, Thornton, Bergstein & Ullrich, LLP, Chester, NY, for Appellant.

Kenneth P. Norwick (Judith L. Bachman), Norwick & Schad, New York, NY, for Appellee, of counsel.

Present: KEARSE, CABRANES and STRAUB, Circuit Judges.

## SUMMARY ORDER

UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is **AFFIRMED.**

Linda Misek–Falkoff and her husband, Adin Falkoff filed a complaint in this diversity action on February 1, 2001, principally alleging that defendants defamed Misek–Falkoff in an article written by defendant McDonald and published by Aspen Publishers in the Employee Relations

Law Journal. The relevant passage of the article discusses the opinion by the United States District Court for the Southern District of New York (Vincent L. Broderick, *Judge*) in a previous lawsuit filed by Misek–Falkoff. It reads as follows:

> In *Misek–Falkoff v. IBM Corp.*, 854 F.Supp. 215 (S.D.N.Y.1994), affirmed, 60 F.3d 811 (2d Cir.1995), the plaintiff was placed on permanent disability status after a series of emotional outbursts, fits of rage, and altercations with supervisors and coworkers. She sued, alleging that she was discriminated against *on account of her mental disability*, but her suit was rejected. The court assumed that the plaintiff was disabled but went on to hold that she was nonetheless unqualified for her job, even though she may have been technically competent. The court observed that it is a requirement of any job that an employee— disabled or not—be able to get along with coworkers and supervisors, and that an employer certainly may require its employees not to cause or contribute to disruptions and hostility in the workplace.

James J. McDonald, Jr., *The Americans with Difficult Personalities Act*, 25 Employee Relations Law Journal 93, 99–100 (2000) (emphasis added).

Plaintiffs allege that this passage was both inaccurate and defamatory because Misek–Falkoff's disability was, in fact, based upon a neurological disorder that constitutes a physical disability rather than a mental disability. They also point out that the article inaccurately implied that Misek–Falkoff's disability discrimination claim was brought pursuant to the Americans with Disabilities Act when, in fact, it was brought pursuant to section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

On September 6, 2001, defendants filed a motion to dismiss. The District Court granted defendants' motion on November 19, 2001, holding that (1) it lacked personal jurisdiction over defendant McDonald and defendant Fisher & Phillips, L.L.P. and (2) plaintiffs had failed to state a claim upon which relief could be granted.

Substantially for the reasons stated by the District Court, we hold that personal jurisdiction is lacking with respect to McDonald, a lawyer living and practicing in the state of California, and Fisher & Phillips, L.L.P., the Atlanta, Georgia-based law firm that employs McDonald in its Irvine, California office.

Furthermore, the District Court properly concluded that plaintiffs have failed to state a claim upon which relief can be granted. Notably, plaintiffs brought a near-identical law suit to this one in New York state court with respect to another article published by McDonald that contained substantially the same paragraph at issue in this case. *See Misek–Falkoff v. American Lawyer Media, Inc.*, 300 A.D.2d 215, 752 N.Y.S.2d 647 (1st Dep't 2002). The First Department affirmed the lower court's dismissal of that case, holding that "dismissal of the complaint is mandated pursuant to Civil Rights Law § 74, which forbids the maintenance of a civil action 'against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding.' " *Id.* at 648–49. The court reasoned:

> The only inaccuracy in the article's description was that it stated that plaintiff Misek–Falkoff "filed a lawsuit alleging that she was discriminated against because of her mental disability"; in fact, the IBM Action says Misek–Falkoff sued for discrimination based on a "neurological disorder" (854 F.Supp. at 226). This inaccuracy is not serious enough to remove defendants' reportage from the protection of Civil Rights Law § 74.

*Id* at 649 (citation omitted).

We have made clear that "[t]he holding of 'an intermediate appellate state court

... is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'" *Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 399 (2d Cir.2001) (quoting *West v. AT&T*, 311 U.S. 223, 237, 61 S.Ct. 179, 85 L.Ed. 139 (1940)). Plaintiffs have provided no such persuasive data in this case, nor have they adequately distinguished the issues presented in this case from those resolved by the First Department.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.