KAREN TENNEY, Appellant, v PRESS-REPUBLICAN et al., Respondents. [905 NYS2d 356]—

Stein, J. Appeal from an order of the Supreme Court (Aulisi, J.), entered February 11, 2009 in Essex County, which granted defendants' motion for summary judgment dismissing the complaint.

In February 2004, plaintiff began working as a dietary attendant in a nursing home operated by Essex County. Shortly thereafter, a rumor began circulating among plaintiff's coworkers that she did not wear a bra—a violation of the nursing home's uniform policy. In April 2004, plaintiff was subjected to an "undergarment check" by a facility nursing supervisor, which involved the supervisor touching plaintiff's back. Based upon that incident and others, plaintiff filed a sexual harassment complaint with her employer, and ultimately commenced a federal civil rights lawsuit alleging, among other things, gender discrimination, sexual harassment and that she had been illegally searched.*

In September 2005, defendant Press-Republican, a local newspaper, printed an article entitled, "Alleged county nursing home bra frisk sparks lawsuit." Plaintiff commenced this defamation action against the newspaper, its editors and the journalist who wrote the story, asserting that the article was inaccurate and that its publication had resulted in her becoming the subject of public contempt, ridicule and disgrace. Following joinder of issue, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion, prompting this appeal. We now affirm.

Defendants' motion was premised on Civil Rights Law § 74, "which cloaks those publishing fair and true reports of judicial proceedings with immunity from civil liability" (*Hughes Training, Inc., Link Div. v Pegasus Real-Time*, 255 AD2d 729, 730 [1998]). Within the meaning of Civil Rights Law § 74, an article may be characterized as "fair and true" if it is substantially accurate (*see Holy Spirit Assn. for Unification of World Christianity v New York Times Co.*, 49 NY2d 63, 67 [1979]). Moreover, "a fair and true report admits of some liberality" (*Briarcliff Lodge*

* Plaintiff is no longer employed by the nursing home. Her lawsuit also included various causes of action premised on retaliation, discrimination and harassment.

*Hotel, Inc. v Citizen-Sentinel Publs.*, 260 NY 106, 118 [1932]), and there is "no requirement that [a] publication report the plaintiff's side of the controversy" (*Cholowsky v Civiletti*, 69 AD3d 110, 115 [2009]).

Here, while we are troubled by defendants' actions, they successfully demonstrated entitlement to the protections afforded them under Civil Rights Law § 74. The article pertains exclusively to plaintiff's federal lawsuit and, while plaintiff argues that certain factual statements included in the article are false and that the article, as a whole, is misleading because it focuses on only one aspect of the federal lawsuit, the basis for each of the contested statements may be found in either plaintiff's federal complaint or in documents referred to therein (*see McRedmond v Sutton Place Rest. & Bar, Inc.*, 48 AD3d 258, 259 [2008]; *see generally Ford v. Levinson*, 90 AD2d 464, 465 [1982]). To the extent that such statements do not represent verbatim reproductions of source material, we note that language in the article "should not be dissected and analyzed with a lexicographer's precision" (*Holy Spirit Assn. for Unification of World Christianity v New York Times Co.*, 49 NY2d at 68; *accord Becher v Troy Publ. Co.*, 183 AD2d 230, 234 [1992]) and that, in our view, the statements were substantially accurate. Accordingly, the burden shifted to plaintiff to establish the existence of factual issues warranting trial (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). As plaintiff's responses to defendants' motion failed to do so, Supreme Court properly awarded summary judgment to defendants (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Plaintiff's remaining contentions have been reviewed and are determined to be without merit.

Spain, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.