■ Mal Braverman, Appellant-Respondent, v Yelp, Inc., Respondent-Appellant. [10 NYS3d 203]—Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered February 25, 2014, which granted defendant's motion to dismiss the complaint, but declined to award costs, sanctions and attorney's fees, unanimously affirmed, with costs.

The court properly dismissed plaintiff's defamation claims based on the doctrine of collateral estoppel since plaintiff had a full and fair opportunity to litigate this claim in a prior action (*see Misek-Falkoff v American Lawyer Media*, 300 AD2d 215, 216 [1st Dept 2002], *lv denied* 100 NY2d 508 [2003]). With respect to the additional causes of action, plaintiff failed to sufficiently state the claims for breach of contract and violations of General Business Law §§ 349 (a) and 350.

To the extent plaintiff's allegations support a claim for fraudulent inducement, they must be brought in a different forum in accordance with the forum selection clause contained in the advertising agreement entered into by the parties. Plaintiff failed to meet his burden of showing that the forum selection clause should not be enforced (*see Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534 [1996]).

The motion court providently exercised its discretion in declining to award defendant costs and attorney's fees. Defendant failed to show that plaintiff's conduct in commencing this action was frivolous (*see* Rules of Chief Admin of Cts [22 NYCRR] § 130-1.1; *Grozea v Lagoutova*, 67 AD3d 611 [1st Dept 2009]). Concur—Tom, J.P., Friedman, DeGrasse, Richter and Kapnick, JJ. ■