## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  February 25, 2016                    520373
_____

MICHAEL G. BOUCHARD,
                    Appellant,

         v                                    MEMORANDUM AND ORDER

DAILY GAZETTE COMPANY et al.,
                    Respondents,
                    et al.,
                    Defendants.
_____

Calendar Date:  January 5, 2016

Before:  McCarthy, J.P., Lynch, Devine and Clark, JJ.

                    _____


         Michael G. Bouchard, Latham, appellant pro se.

         Nixon Peabody, LLP, Albany (Andrew C. Rose of counsel), for
respondents.

                    _____


Clark, J.

         Appeal from an order of the Supreme Court (Connolly, J.),
entered September 10, 2014 in Albany County, which granted a
motion by defendants Daily Gazette Company and The Daily Gazette
to dismiss the complaint against them.

         In November 2012, plaintiff, an attorney, was convicted in
the US District Court for the Northern District of New York for
alleged crimes committed in Albany, Rensselaer and Schenectady
Counties.  On November 30, 2012, defendants Daily Gazette Company
and The Daily Gazette (hereinafter collectively referred to as
defendants) received a Department of Justice (hereinafter DOJ)
press release entitled "Attorney Convicted in Mortgage Fraud
Prosecution," detailing plaintiff's charges and conviction and,

later that day, published an article entitled "Albany lawyer convicted of mortgage fraud" based upon such press release. Thereafter, on November 27, 2013, plaintiff commenced this action for libel, alleging that defendants published false, libelous and defamatory statements about him in their newspaper. Defendants moved to dismiss plaintiff's complaint for failing to state a legally viable cause of action, arguing that their article was an accurate representation of the DOJ press release and, therefore, it was privileged under Civil Rights Law § 74. Supreme Court granted such motion, dismissing plaintiff's complaint against said defendants, and plaintiff now appeals. We affirm.

Civil Rights Law § 74 provides, in relevant part, that "[a] civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding" and, as such, "cloaks those publishing fair and true reports of judicial proceedings with immunity from civil liability" (Hughes Training, Inc., Link Div. v Pegasus Real-Time, 255 AD2d 729, 730 [1998]). "[A]n article may be characterized as 'fair and true' if it is substantially accurate" (Tenney v Press-Republican, 75 AD3d 868, 868 [2010]; see Holy Spirit Assn. for Unification of World Christianity v New York Times Co., 49 NY2d 63, 67 [1979]). Moreover, "[a] fair and true report admits of some liberality; the exact words of every proceeding need not be given if the substance be substantially stated" (Holy Spirit Assn. for Unification of World Christianity v New York Times Co., 49 NY2d at 67 [internal quotation marks and citation omitted]; see Briarcliff Lodge Hotel, Inc. v Citizen-Sentinel Publs., 260 NY 106, 118 [1932]) and "there is 'no requirement that a publication report the plaintiff's side of the controversy'" (Tenney v Press-Republican, 75 AD3d at 869, quoting Cholowsky v Civiletti, 69 AD3d 110, 115 [2009] [brackets omitted]). Minor inaccuracies are "'not serious enough to remove [a party's] reportage from the protection of Civil Rights Law § 74'" (Misek-Falkoff v McDonald, 63 Fed Appx 551, 552 [2d Cir 2003], cert denied 541 US 960 [2004], quoting Misek-Falkoff v American Lawyer Media, 300 AD2d 215, 216 [2002], lv denied 100 NY2d 508 [2003], cert denied 541 US 939 [2004]).

In light of the foregoing standard, we agree with Supreme Court that defendants' published statements were a fair and true

representation of the DOJ press release, thus falling within the statutory privilege afforded by Civil Rights Law § 74.  Although defendants used language that differed slightly from the DOJ press release in their article, given plaintiff's criminal charges and convictions detailed in the press release, the language used "does not suggest more serious conduct than that actually suggested in the official proceeding" (Geiger v Town of Greece, 311 Fed Appx 413, 417 [2d Cir 2009] [internal quotation marks and citation omitted]; see Karedes v Ackerley Group, Inc., 423 F3d 107, 119 [2d Cir 2005]; Hughes Training, Inc., Link Div. v Pegasus Real-Time, 255 AD2d at 730).  A liberal reading of defendants' statements in the context of the article demonstrates that the statements are substantially accurate and, thus, a fair and true report of the DOJ press release (see Alf v Buffalo News, Inc., 21 NY3d 988, 990 [2013]; Becher v Troy Publ. Co., 183 AD2d 230, 236-237 [1992]).  Moreover, viewing the article in its entirety and affording defendants' statements "some liberality" (Briarcliff Lodge Hotel, Inc. v Citizen-Sentinel Publs., 260 NY at 118), to the extent that there may be any inaccuracies, they are "not so egregious as to remove the article from the protection of Civil Rights Law § 74" (Saleh v New York Post, 78 AD3d 1149, 1152 [2010], lv denied 16 NY3d 714 [2011]; see Posner v New York Law Publ. Co., 228 AD2d 318, 318 [1996], lv denied 89 NY2d 805 [1996]).  Accordingly, granting defendants' motion was proper.

McCarthy, J.P., Lynch and Devine, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court