██ Arcadio Rodriguez, Appellant, v Daily News, L.P., Defendant, and WPIX, LLC, Respondent. [37 NYS3d 613]—

In an action to recover damages for defamation, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Walker, J.), dated August 19, 2014, as granted the motion of the defendant WPIX, LLC, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages for defamation alleging that WPIX, LLC (hereinafter WPIX), published several false and defamatory news reports containing his photograph, which stated that police were looking for him because he had attempted to rape a woman. The final news report at issue reported that another individual had been arrested for the crime, but also included the plaintiff's photograph. WPIX moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it, arguing that the subject news reports were absolutely privileged under Civil Rights Law § 74. In support of its motion, WPIX submitted two emails received from the Office of the New York City Police Department (hereinafter NYPD) Deputy Commissioner for Public Information (hereinafter DCPI). The first email stated that police were seeking the public's assistance in identifying an individual in an attached photograph who was wanted for questioning in regard to an attempted rape, and that the individual had followed a woman into an alley where he threw her to the ground and attempted to rape her. The second email contained the same information with an update that a named individual had been arrested in relation to the incident. WPIX further submitted affidavits from its employees stating that the emails were press releases that WPIX had received from the Office of the DCPI, and a Freedom

of Information Law response from the NYPD which demonstrated that the emails had, in fact, been sent by the office of the DCPI. The Supreme Court granted WPIX's motion, and the plaintiff appeals.

To state a cause of action to recover damages for defamation, a plaintiff must allege that the defendant published a false statement, without privilege or authorization, to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se (*see Brady v Gaudelli*, 137 AD3d 951, 951 [2016]; *Kamchi v Weissman*, 125 AD3d 142, 156 [2014]; *El Jamal v Weil*, 116 AD3d 732, 733 [2014]). On a motion to dismiss pursuant to CPLR 3211 (a) (7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory (*see* CPLR 3026; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Thompson Bros. Pile Corp. v Rosenblum*, 121 AD3d 672 [2014]). Where a party offers evidentiary proof on a motion pursuant to CPLR 3211 (a) (7), and the motion is not converted into a motion for summary judgment, "the criterion is whether the [plaintiff] has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Bua v Purcell & Ingrao, P.C.*, 99 AD3d 843, 845 [2012]).

Here, the Supreme Court properly determined that the plaintiff's allegation that the subject news reports were published without privilege was not a fact at all, because WPIX's evidentiary submissions established that the news reports were absolutely privileged pursuant to Civil Rights Law § 74. That statute provides, in pertinent part, that "[a] civil action cannot be maintained . . . for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding" (Civil Rights Law § 74). Contrary to the plaintiff's contention, the police investigation of the attempted rape constituted an "official proceeding" under the statute (*see Freeze Right Refrig. & A.C. Servs. v City of New York*, 101 AD2d 175, 182 [1984]; *Baumann v Newspaper Enters., Inc.*, 270 App Div 825 [1946]; *Fine v ESPN, Inc.*, 11 F Supp 3d 209, 214-216 [ND NY 2014]; *Gong v Dow Jones & Co., Inc.*, 2012 NY Slip Op 33220[U], *7-8 [Sup Ct, NY County

2012]; *Bernacchi v County of Suffolk*, 2010 NY Slip Op 33164[U], *5 [Sup Ct, Suffolk County 2010]; *Geiger v Town of Greece*, 2007 WL 4232717, *6, 2007 US Dist LEXIS 87466, *18 [WD NY, Sept. 4, 2007, No. 07-CV-6066 (CJS)], *affd* 311 Fed Appx 413 [2d Cir 2009]). Further, the subject news reports were substantially accurate reports of the information provided by the NYPD in its press releases (*see Alf v Buffalo News, Inc.*, 21 NY3d 988, 990 [2013]; *Holy Spirit Assn. for Unification of World Christianity v New York Times Co.*, 49 NY2d 63, 67 [1979]; *Bouchard v Daily Gazette Co.*, 136 AD3d 1233 [2016]; *Saleh v New York Post*, 78 AD3d 1149, 1152 [2010]).

The privilege is not defeated by the NYPD's error in identifying the plaintiff by his photograph as the assailant. The statute "was designed precisely to protect the publisher of a fair and true report from liability for just such an error and to relieve it of any duty to expose the error through its own investigation" (*Freeze Right Refrig. & A.C. Servs. v City of New York*, 101 AD2d at 183; *see Gong v Dow Jones & Co., Inc.*, 2012 NY Slip Op 33220[U], *7 [2012]; *Bernacchi v County of Suffolk*, 2010 NY Slip Op 33164[U], *4 [2010]). Finally, while the news reports contained additional statements gleaned from an interview WPIX conducted with the victim, which are not protected by the privilege of Civil Rights Law § 74 (*see Freeze Right Refrig. & A.C. Servs. v City of New York*, 101 AD2d at 183), the plaintiff does not allege that any of those statements were false, aside from their relation to his photograph, which was provided by the NYPD.

The plaintiff's remaining contentions are without merit or need not be addressed in light of our determination.

Accordingly, the Supreme Court properly granted WPIX's motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it. Rivera, J.P., Leventhal, Hinds-Radix and Brathwaite Nelson, JJ., concur.