Stone v Bloomberg L.P. (2018 NY Slip Op 05515)





Stone v Bloomberg L.P.


2018 NY Slip Op 05515


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2017-07107
 (Index No. 67221/16)

[*1]Avery Stone, respondent, 
v
Bloomberg L.P., appellant, et al., defendants.


Williams & Connolly LLP, New York, NY (Kevin T. Baine, Thomas G. Hentoff, Nicholas G. Gamse, and Russell M. Yankwitt of counsel), for appellant.
Darren Jay Epstein, P.C., New City, NY (Philip M. Culhane of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the defendant Bloomberg L.P. appeals from an order of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated May 11, 2017. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, a former director of a now-defunct Hong Kong investment company, Global Merchant Funding, Ltd. (hereinafter GMF), commenced this action, inter alia, to recover damages for defamation and libel per se. In an amended complaint, he alleged, among other things, that the defendant Bloomberg L.P. (hereinafter Bloomberg) published a false and defamatory article portraying him as a con artist who preyed off his friends to run an investment scam before vanishing from Hong Kong, and who also stole hundreds of thousands of dollars of family belongings from his elderly father. Bloomberg moved, pre-answer, pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint insofar as asserted against it. Bloomberg contended that the article was a substantially accurate report of two police investigations of the plaintiff, one in Hong Kong and the other in Pound Ridge, New York, and that, accordingly, the challenged statements were privileged under New York Civil Rights Law § 74. Bloomberg also contended that documentary evidence—a letter from GMF's liquidator to Hong Kong police reporting preliminary suspicions of misappropriation of assets and fraud, as well as an email chain between one of the article's reporters and the Hong Kong police regarding the investigation—established that the challenged statements were substantially accurate. Bloomberg also argued that the amended complaint failed to adequately plead gross irresponsibility, the minimum element of fault. The Supreme Court denied Bloomberg's motion, and Bloomberg appeals.
"The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" [*2](Greenberg v Spitzer, 155 AD3d 27, 41; see Rodriguez v Daily News, L.P., 142 AD3d 1062, 1063; Rosner v Amazon.com, 132 AD3d 835, 836-837). Where the plaintiff is a private person, but the content of the article is arguably within the sphere of legitimate public concern, the publisher of the alleged defamatory statements cannot be held liable unless it "acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties" (Chapadeau v Utica Observer-Dispatch, 38 NY2d 196, 199; see Matovcik v Times Beacon Record Newspapers, 108 AD3d 511, 511; Porcari v Gannett Satellite Info. Network, Inc., 50 AD3d 993, 994).
On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88; Rodriguez v Daily News, L.P., 142 AD3d at 1063). Where evidentiary material is submitted and considered, and the motion is not converted into a motion for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and it cannot be said that a significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 275; Rodriguez v Daily News, L.P., 142 AD3d at 1063; Steve Elliot, LLC v Teplitsky, 59 AD3d 523, 524).
New York Civil Rights Law § 74 states, in pertinent part: "A civil action cannot be maintained . . . for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding." Here, we disagree with the Supreme Court's determination that the privilege is inapplicable to reporting on foreign official proceedings (see Daniel Goldreyer, Ltd. v Van de Wetering, 217 AD2d 434, 435; CBS Broadcasting Inc. v Counterr Group, 2008 WL 11350274, *14, 2008 US Dist LEXIS 126089, *37-39 [SD NY, 05 Civ 7946 (DAB)]). Nevertheless, we agree with the court's denial of that branch of Bloomberg's motion which was to dismiss pursuant to CPLR 3211(a)(7), inasmuch as the challenged statements were not privileged under Civil Rights Law § 74. When the challenged statements are viewed in context, it cannot be said as a matter of law that the statements provide a substantially accurate reporting of the two police investigations (see Greenberg v Spitzer, 155 AD3d at 50). Moreover, we agree with the court's determination that the plaintiff, at this pre-discovery stage, adequately alleged the element of gross irresponsibility (see Knutt v Metro Intl., S.A., 91 AD3d 915, 916-917; Pollnow v Poughkeepsie Newspapers, 107 AD2d 10, 17-18, affd 67 NY2d 778).
We also agree with the Supreme Court's denial of that branch of Bloomberg's motion which was pursuant to CPLR 3211(a)(1). "A motion pursuant to CPLR 3211(a)(1) to dismiss based on documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (Feldshteyn v Brighton Beach 2012, LLC, 153 AD3d 670, 671 [internal quotation marks and citation omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Greenberg v Spitzer, 155 AD3d at 44). Bloomberg's submissions did not constitute documentary evidence for purposes of CPLR 3211(a)(1), and, in any event, do not conclusively establish a defense to the plaintiff's defamation cause of action (see Greenberg v Spitzer, 155 AD3d at 44-45; Prott v Lewin & Baglio, LLP, 150 AD3d 908, 909).
SCHEINKMAN, P.J., BALKIN, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court