Ramirez v Donado Law Firm, P.C. (2019 NY Slip Op 01244)





Ramirez v Donado Law Firm, P.C.


2019 NY Slip Op 01244


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2016-08054
 (Index No. 607581/15)

[*1]Roberto Ramirez, et al., respondents,
v
Donado Law Firm, P.C., et al., appellants, et al., defendants.


Winget Spadafora & Schwartzberg, LLP, New York, NY (Matthew Tracy of counsel), for appellants.
Beth E. Goldman, New York, NY (Tina Saj Varghese of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for violations of Real Property Law § 265-b and General Business Law § 349, the defendants Donado Law Firm, P.C., Valmiro Donado, and Roberto Pagen-Lopez appeal from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), dated May 19, 2016. The order, insofar as appealed from, denied those defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs allegedly were the victims of a foreclosure rescue scam perpetrated by the defendants Donado Law Firm, P.C. (hereinafter Donado Law), Valmiro Donado, and Roberto Pagan-Lopez (hereinafter collectively the defendants), among others. The plaintiffs commenced this action alleging, inter alia, violations of Real Property Law § 265-b and General Business Law § 349, as well as fraud, fraudulent inducement, fraudulent misrepresentation, breach of contract, and legal malpractice. The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them. The Supreme Court, inter alia, denied the motion, and the defendants appeal.
A party may move for judgment dismissing one or more causes of action on the ground that the pleading fails to state a cause of action (see CPLR 3211[a][7]). On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading must be afforded a liberal construction and the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Stone v Bloomberg L.P., 163 AD3d 1028; Rodriguez v Daily News, L.P., 142 AD3d 1062, 1063). "Where evidentiary material is submitted and considered, and the motion is not converted into a motion for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and it cannot be said that a significant dispute exists regarding it, dismissal should not eventuate" (Stone v Bloomberg L.P., 163 AD3d at 1030; see Guggenheimer v Ginzburg, 43 NY2d [*2]268, 275; Rodriguez v Daily News, L.P., 142 AD3d at 1063).
Real Property Law § 265-b governs the conduct of distressed property consultants. "Distressed property consultant" or "consultant" is defined as "an individual or a corporation, partnership, limited liability company or other business entity that, directly or indirectly, solicits or undertakes employment to provide consulting services to a homeowner for compensation or promise of compensation with respect to a distressed home loan or a potential loss of the home for nonpayment of taxes" (Real Property Law § 265-b[1][e]). A consultant does not include, inter alia, "an attorney admitted to practice in the state of New York when the attorney is directly providing consulting services to a homeowner in the course of his or her regular legal practice" (Real Property Law § 265-b(1)(e)[i]). Here, contrary to the defendants' contention, the plaintiffs adequately alleged facts from which it could be inferred that the defendants did not provide consulting services to the plaintiffs in the course of Donado Law's regular legal practice (see De Guaman v American Hope Group, 163 AD3d 915). Accordingly, we agree with the Supreme Court's denial of that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging a violation of Real Property Law § 265-b insofar as asserted against them.
General Business Law § 349(a) prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." A cause of action to recover damages for a violation of General Business Law § 349 must "identify consumer-oriented misconduct which is deceptive and materially misleading to a reasonable consumer, and which causes actual damages" (Wilner v Allstate Ins. Co., 71 AD3d 155, 161-162; see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25). Private contract disputes, unique to the parties, do not fall within the ambit of General Business Law § 349 (see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d at 25; De Guaman v American Hope Group, 163 AD3d at 917). Here, contrary to the defendants' contention, "in contrast to a private contract dispute, the practices alleged by the plaintiffs were not unique to these parties and involved an extensive marketing scheme that had a broader impact on consumers at large" (De Guaman v American Hope Group, 163 AD3d at 917 [citations and internal quotation marks omitted]; see Gaidon v Guardian Life Ins. Co. of Am., 94 NY2d 330, 344; Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d at 25). Accordingly, we agree with the Supreme Court's denial of that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging a violation of General Business Law § 349 insofar as asserted against them.
"Where a cause of action or defense is based upon misrepresentation, fraud, mistake, wilful default, breach of trust or undue influence, the circumstances constituting the wrong shall be stated in detail" (CPLR 3016[b]). However, the requirements of CPLR 3016(b) " may be met when the facts are sufficient to permit a reasonable inference of the alleged conduct'" (Sargiss v Magarelli, 12 NY3d 527, 531, quoting Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 492). Here, contrary to the defendants' contention, the complaint pleaded causes of action sounding in fraud, fraudulent inducement, and fraudulent misrepresentation with sufficient particularity (see CPLR 3016; Sargiss v Magarelli, 12 NY3d at 531; Pludeman v Northern Leasing Sys., Inc., 10 NY3d at 492; De Guaman v American Hope Group, 163 AD3d at 917). Moreover, contrary to the defendants' contention, the causes of action sounding in fraud, fraudulent inducement, and fraudulent misrepresentation were not duplicative of the breach of contract cause of action (see De Guaman v American Hope Group, 163 AD3d at 917; see also Neckles Bldrs., Inc. v Turner, 117 AD3d 923, 925). Accordingly, we agree with the Supreme Court's denial of that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the causes of action sounding in fraud, fraudulent inducement, and fraudulent misrepresentation insofar as asserted against them.
"To recover damages for breach of contract, plaintiffs must demonstrate the existence of a contract, [their] performance pursuant to that contract, the defendants' breach of their obligations pursuant to the contract, and damages resulting from that breach'" (De Guaman v American Hope Group, 163 AD3d at 917, quoting Elisa Dreier Reporting Corp. v Global NAPs Networks, Inc., 84 AD3d 122, 127). Here, contrary to the defendants' contention, the plaintiffs sufficiently pleaded a cause of action alleging breach of contract (see De Guaman v American Hope [*3]Group, 163 AD3d at 917). Accordingly, we agree with the Supreme Court's denial of that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action sounding in breach of contract insofar as asserted against them.
To recover damages for legal malpractice, a plaintiff must establish "that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (Dombrowski v Bulson, 19 NY3d 347, 350 [internal quotation marks omitted]; see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442; Dempster v Liotti, 86 AD3d 169, 176). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442; see Garcia v Polsky, Shouldice & Rosen, P.C., 161 AD3d 828, 830; Kliger-Weiss Infosystems, Inc. v Ruskin Moscou Faltischek, P.C., 159 AD3d 683, 684). Here, contrary to the defendants' contention, the complaint sufficiently pleaded a cause of action to recover damages for legal malpractice (see Garcia v Polsky, Shouldice & Rosen, P.C., 161 AD3d at 830; Hershco v Gordon & Gordon, 155 AD3d 1007, 1009). Accordingly, we agree with the Supreme Court's denial of that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action sounding in legal malpractice insofar as asserted against them.
The defendants' remaining contentions are without merit.
BALKIN, J.P., CHAMBERS, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court