Caio v Throgs Neck Rehabilitation & Nursing Ctr. (2021 NY Slip Op 05074)





Caio v Throgs Neck Rehabilitation & Nursing Ctr.


2021 NY Slip Op 05074


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Webber, J.P., Mazzarelli, González, Scarpulla, Pitt, JJ. 


Index No. 22891/20 Appeal No. 14210 Case No. 2021-01100 

[*1]Salvatore Caio, Deceased, by and through, Madeline Caio, as Administrator of the Estate of Salvatore Caio, et al., Plaintiffs-Respondents,
v
Throgs Neck Rehabilitation and Nursing Center, et al., Defendants-Appellants, "John and/or Jane Doe(s)" whose names being unknown and fictitious, Defendants.


Kaufman Borgeest & Ryan LLP, Valhalla (Jacqueline Mandell of counsel), for appellants.
Jacoby & Meyers, LLP, Newburgh (Ann R. Johnson of counsel), for respondents.



Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered March 26, 2021, which denied defendants Throgs Neck Rehabilitation and Nursing Center, Throgs Neck Operating Co., LLC, Sentsocare, LLC, and Excelsior Group, LLC's motion to change venue to Westchester County, unanimously reversed, on the law, without costs, and the motion granted.
Defendants established that the nursing home admission agreement signed by the decedent's designated representative on his behalf to secure his admission to its nursing home had a forum selection clause providing that Supreme Court, Westchester County, has exclusive jurisdiction over any dispute arising under the agreement (see Hendricks v Wayne Ctr. for Nursing & Rehabilitation, 194 AD3d 648 [1st Dept 2021]). That defendants did not proffer an affidavit by a person having personal knowledge of the circumstances under which the admission agreement was executed is not fatal to their motion for a change of venue. Plaintiff, as the party challenging the validity of the agreement's venue selection clause, had the burden to show why it should not be enforced (see Braverman v Yelp, Inc., 128 AD3d 568 [1st Dept 2015], lv denied 26 NY3d 902 [2015]).
We reject plaintiff's argument that the venue-selection clause violates public policy. Nothing in the record support's plaintiff's contention that the clause resulted from fraud or overreaching, nor did plaintiff make any showing as to how she would be deprived of her day in court by a transfer of venue from Bronx to Westchester County (see Hendricks,194 AD3d at 649; Martin v Workmen's Circle Multicare Ctr., 171 AD3d 490 [1st Dept 2019]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2021