Matter of PricewaterhouseCoopers, LLP v Cahill (2024 NY Slip Op 00249)

Matter of PricewaterhouseCoopers, LLP v Cahill

2024 NY Slip Op 00249

Decided on January 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 18, 2024

Before: Kern, J.P., Friedman, González, Shulman, JJ. 

Index No. 653664/20 Appeal No. 1486-1487 Case No. 2022-1850 2022-02277 

[*1]In the Matter of PricewaterhouseCoopers, LLP, Petitioner-Respondent,
v
John Cahill, Respondent-Appellant. 

Zeichner Ellman & Krause LLP, New York (William T. Marshall, Jr. of counsel), for appellant.
Winston & Strawn LLP, New York (Stephen L. Sheinfeld of counsel), for respondent.

Order, Supreme Court, New York County (Margaret Chan, J.), entered April 8, 2022, which denied respondent's motion to vacate prior orders, inter alia, granting petitioner's motion to compel arbitration, unanimously affirmed, with costs. Order, same court and Justice, entered April 12, 2022, which granted petitioner's motion to seal certain portions of its agreement with respondent, unanimously affirmed, with costs.
Respondent contends that petitioner committed a fraud on the motion court and this Court under CPLR 5015(a)(3), because it did not submit the parties' full agreement on the original motion to compel arbitration, but only quoted a portion of the arbitration provision. However, petitioner stated as much to the court, and offered to provide a full copy to the court. Respondent had the full document, but neither submitted it nor made specific arguments as to which other portions were relevant. Given that the parties and the court expressly understood the situation, there was no deception and no fraud.
Moreover, the issue of whether the necessary documents were made available to determine the motion to compel was resolved against respondent in this Court's prior order (see Matter of PricewaterhouseCoopers, LLP v Cahill, 205 AD3d 463 [1st Dept 2022], lv denied 39 NY3d 906 [2023]). As such, the argument is barred by the doctrine of law of the case (see Carmona v Mathisson, 92 AD3d 492, 492—493 [1st Dept 2012]).
Respondent's argument, made for the first time on appeal, that because he was fraudulently induced to enter into the subject agreement, the agreement's mandatory forum selection clause is void and thus the court lacks personal jurisdiction over him, is unavailing. Respondent fails to allege how the forum selection clause itself was induced by fraud, as opposed to the agreement as a whole (see Braverman v Yelp, Inc., 128 AD3d 568 [1st Dept 2015], lv denied 26 NY3d 902 [2015]).
The court providently allowed redactions to the agreement. Uniform Rules for Trial Courts (22 NYCRR) § 216.1 leaves the balancing of private and public interest in sealing to the court's discretion (see Applehead Pictures LLC v Perelman, 80 AD3d 181, 191-192 [1st Dept 2010]). Petitioner's motion was supported by an affidavit that explained for each of the redacted portions how that portion of the agreement was competitively sensitive. At the same time, the provision that was material to determining the motion to compel, i.e. the arbitration provision, was not redacted.
We have considered respondent's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2024