SUMMARY ORDER
Plaintiff Frederick Geiger appeals from a November 2, 2007 judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, Judge), denying his Rule 59(e) motion for reconsideration[1] of the court’s September 6, 2007 judgment dismissing Geiger’s complaint, which charged defendants with constitutional violations in (1) the termination of plaintiffs towing company’s relationship with defendant Town of Greece, and (2) the settlement of an investigation by the New York State Attorney General into Geiger’s business practices. Consistent with our stated practice of liberally construing the designation requirement for notices of appeal, see Fed. R.App. P. 3(e), we construe plaintiffs Notice of Appeal in this case, which formally designates only the denial of the Rule 59(e) motion, as also bringing up for our review the district court’s underlying judgment of dismissal. See “R” Best Produce, Inc. v. DiSapio, 540 F.3d 115, 121-22 (2d Cir.2008) (holding that “notice of appeal from denial of a motion to reconsider, filed within ten days of the order or judgment sought to be-considered, suffices to bring up for review the order or judgment, at least where the motion renews arguments previously made”).
We review the denial of a motion for reconsideration for abuse of discretion, see Harris v. Kuhlmann, 346 F.3d 330, 348 (2d Cir.2003), and the denial of a motion to dismiss de novo, accepting as true any facts alleged in the complaint, see Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 549 F.3d 137, 141 (2d Cir.2008). In applying these principles to this case, we assume the parties’ familiarity with the facts and the relevant procedural history, which we reference only as necessary to explain our decision.[2]
I. The District Court’s Reliance on Material Outside the Complaint
Geiger submits that the district court erred in the proceedings below in relying upon material outside the complaint, specifically, the “Assurance of Consideration” that plaintiff entered into with *416 the Attorney General’s office. This claim, whether viewed as a challenge to the denial of reconsideration or as a challenge to dismissal, is without merit. A complaint is properly “deemed to include any written instrument attached to it as an exhibit or any statements or documents ineoi'porated in it by reference.” Mangiafico v. Blu-menthal, 471 F.3d 391, 398 (2d Cir.2006) (internal quotation marks omitted). Geiger’s amended complaint quoted extensively from the Assurance, thereby incorporating it into the pleading. See Complaint ¶ 73. Indeed, when the district court specifically informed the parties at oral argument on defendants’ motions to dismiss that it would consider the Assurance in making any ruling, plaintiff voiced no objection. See Tr. at 2, Aug. 9, 2007. Under these circumstances, we conclude that the district court’s consideration of the Assurance manifests no error.[3]
2. The Claims Against the Town, Chief Rahn, andLt. Wise
Geiger’s challenge to the dismissal of his complaint against the Town, Chief Rahn, and Lt. Wise merits little discussion. Geiger fails to address the grounds relied on by the district court in dismissing his selective enforcement, procedural due process, and substantive due process claims against these defendants; thus, any challenge to this part of the dismissal decision is waived. See Norton v. Sam’s Club, 145 F.3d 114, 117 (2d Cir.1998).
With respect to his retaliation claim, Geiger submits that the district court erred in holding the pleadings inadequate as a matter of law to establish a causal link between his exercise of protected speech and the Town’s termination of his towing arrangement. Geiger submits that the requisite causation could be inferred from a chain of circumstances, including the fact that Chief Rahn “had citizens file complaints about” Geiger. Appellant’s Br. at 38-39. The amended complaint, however, alleges only that defendants “received a complaint from a citizen,” about Geiger overcharging her. Complaint ¶55. Nowhere does it accuse Chief Rahn or any other defendant of instigating this complaint. Accordingly, we identify no error in the district court’s dismissal of this claim.
We reach the same conclusion with respect to plaintiffs “stigma-plus” due process claim. The district court dismissed this claim principally because Geiger, in the Assurance, admitted to engaging in the conduct described in the statements he now identifies as false and defamatory. See Appellant’s Br. at 49. To the extent Geiger challenges the district court’s reliance on the Assurance as outside the pleadings, we have already rejected that argument. Insofar as Geiger further argues that the district court erred in interpreting the Assurance in a manner contradictory to allegations in his complaint, we are not persuaded. The allegations Geiger points to are legal conclusions couched as factual allegations to which no presumption of truthfulness applies. See In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir.2007). Finally, to the extent Geiger argues that the Assurance was not an admission on his part of the factual findings reported therein, we disagree. The factual findings of the Attorney General are part of the Assurance to which Geiger agreed. The Assurance contains none of the customary language used when a party enters into a *417 settlement with a government entity and desires to reach a settlement without admitting to any fact. In addition, Geiger agreed to make “restitution” for the acts described in the Attorney General’s findings, a term clearly indicating wrongdoing on his part. See generally SEC v. Cav-anagh, 445 F.3d 105, 119 (2d Cir.2006) (noting that restitution entails the “surrender” of “ill-gotten gains”). Finally, Geiger agreed to cease and desist from engaging in the “acts or practices” set out in the Attorney General’s findings. On this record, we do not identify error in the district court’s conclusion that the Assurance constituted Geiger’s admission that he engaged in the wrongdoing described therein.
3. The Libel Claim Against Gannett
In challenging the dismissal of his libel claim against Gannett, Geiger appears to concede that the Attorney General’s investigation — including the Assurance and the February 5, 2007 press release issued in connection with that investigation — was an “official proceeding” within the meaning of N.Y. Civil Rights Law § 74. Under that statute, a libel action cannot be maintained for the publication of a “fair and true” report of an official proceeding. Id. While Geiger alleges that Gannett’s February 6, 2007 report of the proceedings was not “fair and true,” that assertion is plainly meritless. On de novo review, we observe, as the district court did, that the Gannett article uses more colorful language than the press release, but it does not “suggest more serious conduct than that actually suggested in the official proceeding,” and, therefore, it cannot provide a legal basis for plaintiffs libel claim. Karedes v. Ackerley Growp, Inc., 423 F.3d 107, 119 (2d Cir.2005) (internal quotation marks omitted); see generally Holy Spirit Ass’nfor Unification of World Christianity v. N.Y. Times Co., 49 N.Y.2d 63, 67, 424 N.Y.S.2d 165, 167, 399 N.E.2d 1185 (1979) ( For a report to be characterized as ‘fan- and true’ within the meaning of the statute, thus immunizing its publisher from a civil suit sounding in libel, it is enough that the substance of the article be substantially accurate.... ‘[A] fair and true report admits of some liberality; the exact words of every proceeding need not be given if the substance be substantially stated.’ ” (quoting Briarcliff Lodge Hotel v. Citizen-Sentinel Publishers, 260 N.Y. 106, 118, 183 N.E. 193 (1932))).
For the reasons stated, the judgments of the district court dismissing plaintiffs complaint and denying reconsideration of that judgment of dismissal are AFFIRMED.

. Because no issue was raised in the district court or on this appeal as to whether plaintiff's motion was properly filed pursuant to Fed.R.Civ.P. 59(e) rather than Fed.R.Civ.P. 60(b), we need not consider that question on this appeal, which is, in any event, irrelevant to our determination that the district court properly denied reconsideration.

. Following the district court's denial of Geiger's Rule 59(e) motion, Gannett successfully moved for sanctions pursuant to Fed.R.Civ.P. II, receiving an award of $5,000 in attorney’s fees. Geiger appealed that decision, and Gannett moved for sanctions in this court. We denied Gannett’s motion by order dated June 25, 2008, and we consolidated Geiger’s appeals. Because Geiger has not filed any papers in support of his sanctions appeal, we deem that challenge waived. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.”).

. Nor do we identify any error in the district court’s unobjected to reliance on Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), in assessing the sufficiency of Geiger's complaint. See Benzman v. Whitman, 523 F.3d 119, 129 (2d Cir.2008) (discussing T-wombly).