21-1974-cv
*Jeanty v. City of Utica, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of January, two thousand twenty-three.

PRESENT:
> ROBERT D. SACK,
> JOSEPH F. BIANCO,
> EUNICE C. LEE,
> > *Circuit Judges*.

_____

Vladimir Jeanty,

> *Plaintiff-Appellant*,

v.                                                                            21-1974-cv

Police Officer Michael Cerminaro, badge #1301, individually and in his official capacity, Investigator Peter Paladino, badge #6290, individually and in his official capacity, Lieutenant Sean Dougherty, badge #2553, individually and in his official capacity, City of Utica, Mark Williams, Chief of Police, Utica Police Department; Individually and in his official capacity, Edward Hagen, badge #3750, individually and in his official capacity, Police Officer Adam Howe, badge #4047, individually and in his official capacity, Michael Petrie, badge #6612, individually and in his official capacity, Daniel Taurisano, badge #8381, individually and in his official capacity, individually and in his official capacity, Sergeant

Peter Scalise, badge #7547, individually and in his official capacity, Louis Capri, badge #1174, individually and in his official capacity, Investigator Joseph Trevasani, badge #8529, individually and in his official capacity, First Assistant Corporation Counsel Charles N. Brown, First Assistant Corporation Counsel, City of Utica, individually and in his official capacity,

*Defendants-Cross-Claimants-Appellees*,

Ron Johns, Editor, individually and as an employee of Gatehouse Media, LLC, GateHouse Media, LLC, Fran Perritano, City Editor, individually and as an employee of Gatehouse Media, LLC, County of Oneida, Honorable Scott D. McNamara, Oneida County District Attorney, individually and in his official capacity, Grant Garramone, Assistant District Attorney, individually and in his official capacity, Steven Cox, Assistant District Attorney, individually and in his official capacity, Micaela Parker, individually and as an employee of Gatehouse Media,

*Defendants-Cross-Defendants-Appellees*,

John Doe, #1-6, individually and in their capacity, John Doe #7, Corporation Counsel, City of Utica, individually and in his official capacity, Sergeant David Dare, badge #1960, individually and in his official capacity,

*Defendants*.

————————————————————

FOR PLAINTIFF-APPELLANT:                 VLADIMIR JEANTY, *pro se*, Arverne, NY.

FOR THE UTICA DEFENDANTS-APPELLEES:      ZACHARY C. OREN, City of Utica Corporation Counsel, Utica, NY.

2

FOR DEFENDANT-APPELLEE SEAN DOUGHERTY:     DAVID A. BAGLEY, Kernan Professional Group LLP, Oriskany, NY.

FOR THE ONEIDA DEFENDANTS-APPELLEES:     WILLIAM P. SCHMITT, Schmitt & Lascurettes LLC, Utica, NY.

FOR THE PRESS DEFENDANTS-APPELLEES:     MICHAEL J. GRYGIEL (Kelly L. McNamee, *on the brief*), Greenberg Traurig, LLP, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sannes, *J.*; Dancks, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Vladimir Jeanty, proceeding *pro se*, appeals from a judgment entered following a jury trial, as well as from multiple pre-trial orders. Jeanty's complaint arises from a 2009 New York state arrest and conviction that was subsequently vacated on his motion following the discovery of *Brady* material that had not been turned over to him before or during the trial. Jeanty filed the instant lawsuit, pursuant to 42 U.S.C. § 1983 and New York tort law, for alleged constitutional injuries resulting from that arrest, subsequent prosecution, and a related newspaper article that he alleges was defamatory. The district court resolved all of the claims in favor of the defendants pursuant to Rule 12 and Rule 56 of the Federal Rules of Civil Procedure, with the exception of a fabrication of evidence claim against defendant Police Officer Michael Cerminaro. The district court denied summary judgment on that claim, and, following a trial, a jury found in Officer Cerminaro's favor.

3

On appeal, Jeanty challenges: (i) the district court's Rule 12 dismissal of his defamation claims against defendants GateHouse Media, LLC, Micaela Parker, Fran Perritano, and Ron Johns (the "Press Defendants"); (ii) the district court's grant of summary judgment under Rule 56 to various defendants on Jeanty's claims for a denial of fair trial and malicious prosecution, as well as his remaining defamation claims; (iii) pre-trial discovery orders denying him access to certain electronically stored information and granting the Press Defendants' motion to quash a subpoena; (iv) two adverse evidentiary rulings made at trial; and (v) denial of Jeanty's request for a jury instruction concerning fabrication of evidence by omission. Additionally, Jeanty has moved to supplement the record on appeal with documents from his underlying criminal prosecution, and several defendants have moved to file a late response to these motions.

Having carefully reviewed the record, we conclude that the district court properly granted the defendants' Rule 12 and Rule 56 motions and that Jeanty's pre-trial and trial-stage challenges are unavailing. The motions to supplement the record are denied. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

I. **District Court's Rule 12 Order**

Jeanty challenges the district court's Rule 12 order only with respect to the dismissal of his state-law defamation claims against the Press Defendants which arose from their involvement in the publication of an August 2015 article in the Utica Observer-Dispatch that described the circumstances surrounding the vacatur of Jeanty's conviction. Specifically, the defamation claims relate to the publication of statements attributable to defendant Oneida District Attorney Scott D. McNamara ("D.A. McNamara") about Jeanty's criminal case. The district court

4

dismissed those claims under Federal Rule of Procedure 12(b)(6), after concluding that the newspaper report of those statements was protected by the fair reporting privilege under Section 74 of the New York Civil Rights Law ("NYCRL"). We agree.

We review *de novo* a district court's decision to grant a motion to dismiss pursuant to Rule 12(b)(6). *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015). In order to survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Under Section 74, "[a] civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding." N.Y. Civ. Rights Law § 74. New York courts liberally interpret Section 74's "fair and true report standard" and "provide broad protection to news accounts of judicial . . . proceedings." *Friedman v. Bloomberg L.P.*, 884 F.3d 83, 93 (2d Cir. 2017) (internal quotation marks and citation omitted). Similarly, New York courts have broadly construed "official proceedings" under Section 74 to include statements by government officials, such as press releases. *See, e.g.*, *Rodriguez v. Daily News, L.P.*, 37 N.Y.S.3d 613, 615 (2d Dep't 2016) (police press release); *accord Bouchard v. Daily Gaz. Co.*, 25 N.Y.S.3d 730, 732–33 (3d Dep't 2016) (Department of Justice press release).

In his amended complaint, Jeanty asserts that the author of the article, defendant Micaela Parker, published the allegedly defamatory statements by D.A. McNamara concerning the circumstances leading to his arrest and subsequent application for post-conviction relief despite knowing them to be false. The amended complaint, however, does not allege that Parker or the

5

other Press Defendants reported the District Attorney's statements inaccurately. Therefore, all the statements that Jeanty alleges were defamatory in the article, even if false, were fair and true reports of the comments by a government official—namely, the District Attorney—regarding a criminal case. As such, they are absolutely privileged under Section 74.[1] *See L. Firm of Daniel P. Foster, P.C. v. Turner Broad. Sys., Inc.*, 844 F.2d 955, 961 (2d Cir. 1988) (holding that a television station's publication of a statement by a Federal Bureau of Investigation spokesperson about "the execution of a warrant issued upon the authorization of a federal judge" was absolutely privileged under Section 74). As the district court correctly noted, "Parker was not required to fact-check the D.A.'s official statements, only to provide a fair and true report of them." *Jeanty v. City of Utica*, 16 Cv. 966 (BKS), Dkt. No. 99, at 42 ("Dist. Ct. Dkt."); *see, e.g.*, *Cholowsky v. Civiletti*, 887 N.Y.S.2d 592, 596 (2d Dep't 2009) (explaining that, under Section 74, there is "no requirement that the publication report the plaintiff's side of the controversy"); *accord Geiger v. Town of Greece*, 311 F. App'x 413, 417 (2d Cir. 2009) (summary order) ("[W]e observe, as the district court did, that the [newspaper] article uses more colorful language than the press release, but it does not 'suggest more serious conduct than that actually suggested in the official proceeding,' and, therefore, it cannot provide a legal basis for plaintiff's libel claim." (quoting *Karedes v. Ackerley Grp., Inc.*, 423 F.3d 107, 119 (2d Cir. 2005))).

---

[1] Although Section 74 is typically an affirmative defense, *see Greenberg v. Spitzer*, 62 N.Y.S.3d 372, 384 (2d Dep't 2017), it can provide a ground for dismissal under Rule 12(b)(6) where, as here, the application of the privilege is clear from the face of the complaint, *cf. Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014).

Accordingly, we conclude that the district court properly dismissed the defamation claims.[2]

## II.      District Court's Summary Judgment Order

Jeanty also challenges the Rule 56 grant of summary judgment to various defendants on his claims for a denial of fair trial and malicious prosecution, as well as his remaining defamation claim.

We review an order granting summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all reasonable inferences in the light most favorable to the nonmoving party." *Summa v. Hofstra Univ.*, 708 F.3d 115, 123 (2d Cir. 2013). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 101 (2d Cir. 2010) (internal quotation marks and citation omitted). We address each challenge in turn.

---

[2]   We also find unpersuasive Jeanty's challenges to the magistrate judge's order that quashed his *pro se* subpoena seeking certain information from Parker. As a threshold matter, because Jeanty failed to file an objection with the district judge in the case within 14 days as required by Federal Rule of Civil Procedure 72(a), he forfeited his right to appellate review. *See, e.g., Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("Where, as here, reading the applicable rule will warn a *pro se* litigant of the consequences of filing an untimely objection, we see no need to require that the magistrate judge inform the litigant of an appeal waiver provision. . . . [A] *pro se* litigant who fails to object timely to a magistrate's order on a non-dispositive matter waives the right to appellate review of that order . . . ."); *accord Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("A motion to quash a subpoena in an action seeking relief other than production of the subpoenaed information is not normally a dispositive motion."). In any event, any information obtained via subpoena from Parker could not impact our conclusion that the substance of the challenged statements in the article was protected by the fair reporting privilege. Similarly, to the extent Jeanty suggests that he should have been given leave to amend his dismissed claims, any such amendments would be futile given the non-curable nature of the legal defect in his claims. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

### a. *Brady* Claims

Jeanty contends that the district court incorrectly granted summary judgment on his *Brady* claims against all defendants because the undisclosed *Brady* material—twenty-two photographs— could have been used to impeach the police officers' testimony at his trial. During Jeanty's criminal trial, Officer Cerminaro testified that the cocaine forming the basis of the possession charge was found in a bag that Jeanty had allegedly torn and thrown away during a police chase. Officer Cerminaro further testified that the cocaine had been found in the bag itself and had not been picked up from the ground by law enforcement and commingled with the cocaine in the bag. Jeanty contends that the withheld photographs of cocaine on the ground along the chase area could have called this testimony into doubt.

"Police officers can be held liable for *Brady* due process violations under § 1983 if they withhold exculpatory evidence from prosecutors." *Bermudez v. City of New York*, 790 F.3d 368, 376 n.4 (2d Cir. 2015). A *Brady* violation has three elements: "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *United States v. Rivas*, 377 F.3d 195, 199 (2d Cir. 2004) (quoting *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999)). *Brady*'s scope includes impeachment evidence that has "the potential to alter the jury's assessment of the credibility of a significant prosecution witness." *Id.* (internal quotation marks and citation omitted). However, "to show prejudice the claimant 'must demonstrate a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different.'" *Bellamy v. City of New York*, 914 F.3d 727, 751 (2d Cir. 2019) (quoting *United States v. Ulbricht*, 858 F.3d 71, 112 (2d Cir. 2017)). Thus, "a § 1983

8

plaintiff proceeding on a *Brady* theory can succeed on his claim if [he can demonstrate that], had the withheld information been disclosed prior to trial, he would have been acquitted based on reasonable doubt or convicted on a lesser charge." *Id.* (internal quotation marks and citation omitted).

After reviewing the record, we conclude that the district court correctly determined that the defendants were entitled to summary judgment on the *Brady* claims because of the lack of any prejudice. As the district court correctly explained,

> [T]he withheld photographs portray the route along which Defendant Cerminaro chased Plaintiff. They show a small, knotted bag on the ground, with additional white chunky and powdery substance scattered along the chase route. They also depict Plaintiff's rental vehicle and the five cell phones discovered in the vehicle. Several pictures depict Plaintiff's injuries incurred during the chase, and one appears to show a white powdery substance on his black shirt. Overall, the pictures do not facially contradict, and appear generally consistent with, Defendant Cerminaro's trial testimony that he stopped Plaintiff in a vehicle containing multiple disposable cell phones, pursued Plaintiff after he fled from the scene, and, during the chase, observed Plaintiff rip open a bag containing a white chunky and powdery substance, pour it out as he ran, and discard it on the ground before being apprehended.

Dist. Ct. Dkt. 357, at 36 (citations omitted). Moreover, Jeanty has not raised any evidence challenging the finding of the New York State Police Forensic Investigation Center, made at the time of his criminal trial, that the substance used to charge Jeanty (allegedly from the bag) contained no traces of grass, dirt, or other environmental contaminants. Although Jeanty has submitted an affidavit from his defense attorney in the criminal case describing why she believes she could have obtained an acquittal with these photographs, such speculation is insufficient to

9

create a material issue of fact in light of the entire record.[3]   In short, when these withheld photographs are examined in light of the entire record of the criminal trial, Jeanty has failed to raise a genuine dispute of material fact as to whether there is a reasonable probability that the timely disclosure of this photographic evidence would have altered the jury's guilty verdict in Jeanty's criminal case.   Therefore, the district court correctly granted summary judgment to the defendants on the *Brady* claims.

### b. Fabrication of Evidence Claims

Jeanty also contends that the district court erred in granting summary judgment on his claims that defendants Officers Paladino and Dougherty fabricated evidence.   Jeanty asserts that Officer Paladino "fabricated the drug evidence by falsely reporting that he received the torn plastic bag with 1.2 grams of [cocaine] within [the bag] when in fact the [cocaine and the bag] were separate."   Appellant's Br. at 59.   Jeanty also alleges that Officer Dougherty fabricated evidence when he "photographed the evidence and crime scene" but "intentionally did not memorialize his actions in writing as required by department policy."   Supp. App'x at 176 ⁋ 632.

"To succeed on a fabricated-evidence claim, a plaintiff must establish that an (1) investigating official (2) fabricated information (3) that is likely to influence a jury's verdict, (4) forwarded that information to prosecutors, and (5) the plaintiff suffered a deprivation of life, liberty, or property as a result." *Ashley v. City of New York*, 992 F.3d 128, 139 (2d Cir. 2021)

---

[3]   Indeed, defendants submitted affidavits from six of the jurors who served in Jeanty's criminal trial in which they each state that, after reviewing the withheld photographs, they would still conclude that Jeanty was guilty beyond a reasonable doubt.   For example, one of the jurors found the photographs "more incriminating of [Jeanty] as they depict his multiple disposable cell phones and white powder on his shirt," and that none of the facts that the juror believed supported a conviction "are in anyway [sic] undermined by the pictures."   Dist. Ct. Dkt. No. 300-24 ¶¶ 6–12.

(alterations omitted) (internal quotation marks and citations omitted). Here, we agree with the district court's conclusion that Jeanty did not raise a genuine dispute of material fact as to his fabrication of evidence claims against Officers Paladino and Dougherty. There is no evidence that Officer Paladino participated in the initial evidence collection; rather, he arrived at the arrest scene, looked for more evidence along the chase route, and eventually took the drugs collected by Officer Cerminaro to the police station and processed them. As the district court correctly noted in its opinion, there is no evidence that contradicts Officer Paladino's testimony or suggests that he participated in or had first-hand knowledge of any improper commingling of evidence.

Similarly, there is no evidence that could support Jeanty's contention that Officer Dougherty directly participated in the collection of evidence at the scene of the arrest, or that he witnessed or was aware of any improper commingling of evidence. The uncontroverted evidence demonstrated that he did not participate in the collection of the cocaine, but instead took twenty-two photographs of the chase route following Jeanty's arrest and uploaded those photographs into the Utica Police Department's Record Management System five days later. Jeanty failed to offer any proof, beyond assertions in his complaint, that Officers Paladino and Dougherty "fabricated" anything or gave prosecutors misleading information. To the contrary, the record suggests that the photographs were logged and available before Jeanty's trial, and that these officers played no role in the prosecution's failure to provide them to the defense. *Cf. Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (emphasizing that, to survive summary judgment, a non-moving party cannot "rely on conclusory allegations or unsubstantiated speculation" (internal quotation marks and citation omitted)).

11

Accordingly, the district court's grant of summary judgment on these claims in favor of Officers Paladino and Dougherty was warranted.

### c. Malicious Prosecution Claims

Jeanty also challenges the grant of summary judgment on his malicious prosecution claims. To state a claim for malicious prosecution under either Section 1983 or New York law, Jeanty must show (1) "the commencement or continuation of a criminal proceeding against [him]," (2) "the termination of the proceeding in [his] favor," (3) the absence of probable cause, and (4) "that the proceeding was instituted with malice." *Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir. 2016) (internal quotation marks and citation omitted). Probable cause is a "complete defense" to malicious prosecution. *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003). "Although a grand jury indictment gives rise to a presumption" of probable cause, "the presumption may be rebutted by evidence of various wrongful acts on the part of police," such as "fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *McClellan v. Smith*, 439 F.3d 137, 145 (2d Cir. 2006) (internal quotation marks and citation omitted).

The district court concluded that "[b]ecause there is no evidence from which a jury could find that the dismissal of [Jeanty's] indictment constituted a 'favorable termination' under either § 1983 or New York state law, [Officers Cerminaro, Dougherty, and Paladino] are entitled to summary judgment on his federal and state malicious prosecution claims." Dist. Ct. Dkt. 357, at 61. Jeanty argues that the "malicious prosecution claim should be re-instated" because the law on favorable termination has changed following the Supreme Court's decision in *Thompson v. Clark*, 142 S. Ct. 1332 (2022). Appellant's Br. at 57. However, we need not address the

12

"favorable termination" issue because we conclude that summary judgment is warranted on a separate ground—namely, that Jeanty cannot establish the absence of probable cause. *See Dean v. Univ. Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 189 (2d Cir. 2015) ("[W]e may affirm a grant of summary judgment on any basis that finds 'sufficient support in the record, including grounds not relied on by the district court.'" (citation omitted)).

Here, because of the existence of an indictment, Jeanty "bears the burden of establishing that [the defendants] misled the grand jury and the prosecutors by either withholding or misrepresenting evidence in order to sustain the case against [him]." *Dufort v. City of New York*, 874 F.3d 338, 353 (2d Cir. 2017). Jeanty has failed to produce sufficient evidence to meet that burden. Paladino and Cerminaro testified before the grand jury. Jeanty does not argue, nor does the record suggest, that Paladino's grand jury testimony was misleading. Thus, Paladino's testimony cannot undermine the presumption of probable cause. As to Cerminaro, Jeanty points to Cerminaro's testimony that he was unable to locate anything apart from the cocaine in the bag and found nothing when he searched the chase route. As noted *supra*, the withheld photographs show that there was a white substance on the ground of the chase route, which Jeanty argues indicates that Cerminaro lied to the grand jury. However, as discussed *supra*, the withheld photographic evidence was consistent with, and to some extent corroborative of, Cerminaro's core testimony as to Jeanty's actions, including that Jeanty was discarding cocaine from the bag during the chase. Therefore, Jeanty has failed to meet his burden of demonstrating, even assuming *arguendo* that parts of Cerminaro's testimony were false or misleading, that the statements to the grand jury were made "in order to sustain the case against [Jeanty]." *Id.* Accordingly, Jeanty

13

fails to establish the absence of probable cause, and we affirm the grant of summary judgment on this claim.[4]

### d. State Defamation Claims against Oneida County and D.A. McNamara

Jeanty challenges the grant of summary judgment on his defamation claims against Oneida County and D.A. McNamara based upon the District Attorney's statements about Jeanty's criminal case that were reported in the August 2015 newspaper article published by the Utica Observer-Dispatch (as discussed *supra*).

"Under New York law, the elements of a defamation claim are a false statement, published without privilege or authorization to a third party, constituting fault" that causes "special harm or constitute[s] defamation per se." *Peters v. Baldwin Union Free Sch. Dist.*, 320 F.3d 164, 169 (2d Cir. 2003) (internal quotation marks and citation omitted). "To be actionable . . . the statement must do more than cause discomfort or affront; the statement is not measured by the sensitivities of the maligned, but the critique of reasonable minds that would think the speech attributes odious or despicable characterizations to its subject." *Chau v. Lewis*, 771 F.3d 118, 127 (2d Cir. 2014). Statements of pure opinion are not actionable. *See Davis v. Boeheim*, 24 N.Y.3d 262, 269 (2014); *see also Gross v. N.Y. Times Co.*, 82 N.Y.2d 146, 153–54 (1993).

---

[4] Because we conclude that Jeanty's constitutional claims are without merit, we also affirm the district court's dismissal of his derivative constitutional claims, including supervisory liability and failure to intervene, asserted against other defendants. *See, e.g.*, *Raspardo v. Carlone*, 770 F.3d 97, 129 (2d Cir. 2014) (concluding that, if there is no underlying constitutional violation, there cannot be supervisory liability); *accord Wieder v. City of New York*, 569 F. App'x 28, 30 (2d Cir. 2014) (summary order) (affirming dismissal of failure to intervene claim where underlying constitutional claims were properly dismissed). Moreover, to the extent Jeanty challenges the denial of his discovery request for certain electronically stored information from the City, we conclude that the district court did not abuse its discretion in denying this additional discovery. *Cf. Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 151 (2d Cir. 2016).

In this case, the statements Jeanty alleges are defamatory either summarize D.A. McNamara's understanding of the circumstances surrounding the arrest and conviction or represent D.A. McNamara's opinions. Specifically, the article quotes D.A. McNamara referring to Jeanty as a "difficult individual," disagreeing with Jeanty's opinion on the exculpatory nature of the *Brady* material, and outlining the evidence against Jeanty. Dist. Ct. Dkt. 33-3, at 2–3. First, because the term "difficult" in this context is not an objective fact that could be proven to be true or false, its use was not defamatory. *See Gross*, 82 N.Y.2d at 153. Second, McNamara's non-descriptive statements on the nature of the *Brady* material constitute opinions, and because the facts underlying that opinion—aside from his commentary that Jeanty was "difficult"—were also set out in the article, those statements are "pure opinion" that are "not actionable." *Davis*, 24 N.Y.3d at 269. In addition, the reference to the government's destruction of the cocaine following Jeanty's conviction is not alleged to be false and, in any event, does not "attribute[] odious or despicable characterizations" as to Jeanty. *Chau*, 771 F.3d at 127. Finally, D.A. McNamara's description of the evidence against Jeanty to the media is protected by the qualified "common interest" privilege, "which arises when a person makes a bona fide communication upon a subject in which he or she has an interest, or a legal, moral, or social duty to speak, and the communication is made to a person having a corresponding duty or interest." *Wyllie v. Dist. Atty. of Cnty. of Kings*, 770 N.Y.S.2d 110, 115 (2d Dep't 2003) (internal quotation marks and citation omitted) (holding that statements to press by spokesperson for King's County District Attorney were protected by the common interest privilege). To overcome that privilege, Jeanty would need to demonstrate that D.A. McNamara spoke with "actual malice" or "ill will." *Liberman v. Gelstein*, 80 N.Y.2d 429, 437–38 (1992). Jeanty has presented no evidence that could rationally support

15

such a finding. *See Wyllie*, 770 N.Y.S.2d at 115 ("[P]laintiff's conclusory assertion that there were triable issues of fact regarding malice and that additional discovery was required are insufficient to overcome the privilege."). Accordingly, we affirm the grant of summary judgment on the defamation claims against D.A. McNamara and Oneida County.

## III.    Evidentiary Rulings

Jeanty argues that the district court erred in denying his request at trial to perform a demonstration with the drug evidence found at the scene of his arrest by tearing open a plastic bag containing white powder and white powder chunks "to demonstrate to the jury that 1.2 grams of cocaine in a bag is easily identifiable as compared to the bag photographed on the ground." Appellant's Br. at 65. We review evidentiary rulings for abuse of discretion. *Boyce v. Soundview Tech. Grp., Inc.*, 464 F.3d 376, 385 (2d Cir. 2006). Here, we conclude that the district court acted well within its discretion in determining, among other things, that the proposed reconstruction was unnecessary in light of an exhibit submitted by Jeanty that sufficiently depicted the evidence he sought to reconstruct for the jury. *See United States v. Holmes*, 44 F.3d 1150, 1157 (2d Cir. 1995) ("Absent a clear abuse of discretion, a trial judge retains a wide latitude to exclude irrelevant, repetitive, or cumulative evidence."). Accordingly, this evidentiary challenge provides no basis for disturbing the jury's verdict.[5]

---

[5] Jeanty also challenges the district court's denial of his request to strike Cerminaro's testimony regarding his fear of heights and the rush of adrenaline he experienced while on the rooftop to explain why he had forgotten that photographs of the scene had been taken. However, Jeanty failed to object to this testimony at trial, and as such, his argument is unpreserved for appellate review. Fed. R. Evid. 103 (requiring that a party seeking to preserve an evidentiary claim for appeal make a "timely object[ion]"); *Puckett v. United States*, 556 U.S. 129, 134 (2009) ("If a litigant believes that an error has occurred (to his detriment) during a federal judicial proceeding, he must object in order to preserve the issue. If he fails to do so in a timely manner, his claim for

16

### IV. Jury Instruction

Finally, Jeanty challenges the district court's instruction regarding the "fabrication" element of his fabrication of evidence claim. "[W]e review *de novo* a claim of error in the district court's jury instructions and will set aside a judgment secured by an erroneous charge only if the appellant shows that the error was prejudicial in light of the charge as a whole." *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 119 (2d Cir. 2006) (internal quotation marks and citation omitted).

The district court instructed the jury that, to find that Officer Cerminaro fabricated evidence, it must determine that "he ma[de] false statements that [we]re both material and made knowingly." Dist. Ct. Dkt. 459, at 19. Jeanty contends that the district court erred "by not allowing the jury to consider that 'omissions' made 'knowingly' can sustain the fabrication element." Appellant's Br. at 67. However, as the district court explained, the instruction permitted the jury to "consider any facts omitted from [Cerminaro's] supporting deposition, and whether such omissions were intentional, in determining whether defendant fabricated his overall narrative about seeing plaintiff possess a bag of cocaine," but that "no reasonable jury could find that any of those omissions 'alone' were likely to influence a jury's decision or resulted in a deprivation of liberty, as necessary to support a fabrication of the evidence claim." Dist. Ct. Dkt. 473, at 15. We discern no error in this instruction. Moreover, even assuming *arguendo* that the jury instruction was erroneous, Jeanty's claim fails because he does not explain how any such "error was prejudicial in light of the charge as a whole." *SR Int'l Bus. Ins. Co.*, 467 F.3d at 119

---

relief from the error is forfeited."). In any event, we conclude that this evidentiary decision did not constitute an abuse of discretion.

(internal quotation marks and citation omitted).   Accordingly, we reject Jeanty's challenge to the jury instruction.

<p style="text-align:center">*          *          *</p>

We have considered Jeanty's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.[6]

<div style="margin-left:40%">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court
</div>

---

[6]   Also before the Court are motions filed by Jeanty to supplement the record, and from certain defendants to file a late response to these motions.  Because it is clear that the supplemental information Jeanty seeks to admit would not impact our legal analysis of the district court's decisions, his motions are denied.  *Cf. Salinger v. Random House, Inc.*, 818 F.2d 252, 253 (2d Cir. 1987) (per curiam) (explaining that a request to supplement the record was warranted where new material "clarifie[d] our understanding of the process by which the District Court reached the decision challenged on appeal").  Accordingly, the defendants' motion to respond to Jeanty's motions is also denied as moot.